Francisco Pagán Acosta, Appellant, *v.* Registrar of Property of San Germán, Respondent.

No. 798.   Submitted January 22, 1930.—Decided January 31, 1930.

The apellant appeared by brief.   The registrar did not file a brief.

Mr. Justice Aldrey delivered the opinion of the court.

By a deed of partition of the estate of Altagracia del Río Vargas, her daughter, María Josefa Simonetti, received, as her legal portion, the sum of $532.60 and undertook the payment of the following debts: $37 to Francisca Simonetti;

$40 to Margarita Simonetti; $60 to Juliana Vélez by a promissory note which she subscribed to the latter's order; and $75 as expenses incurred in the settlement of the estate, which debts, added to her hereditary portion, made a total of $744.60, in consideration of which sum several pieces of property were allotted to her. One of such properties belongs now by right of purchase to Francisco Pagán Acosta, in whose name it is recorded in the registry of property.

A copy of the said deed was presented by Pagán Acosta to the Registrar of Property of San Germán on January 5, 1930, with a petition authenticated before a notary requesting the cancellation in the registry of the mentions of said debts, and stating in support thereof that those debts were mentioned in an entry made on April 2, 1929, or more than five years previously; that they do not refer to any deferred payment of the purchase price of real property; that no term is fixed or any indication is made in the title causing the mentions that they constitute a lien on the property in question; and that no claim in regard to such mentions had been made in the registry, as provided by law, in order to maintain in force the right derived from those mentions.

In passing upon that petition the registrar made the following ruling:

"Cancellation of the mentions of payment of money referred to in the foregoing document, which is accompanied by another deed, is refused, because the question involved herein is not one of mere mention of payment of money, since as appears from page 8 of deed No. 587, executed in Mayagüez on December 1, 1905, before notary Mariana Riera Palmer, providing for the partition of the estate of Altagracia del Río Vargas among her heirs, when the share accruing to María Josefa Simonetti y Ríos was allotted to her, she constituted and assumed a pure, perfect and demandable obligation whereby she undertook to pay $37 to Francisca Antonia Simonetti; $40 to Margarita Simonetti; $60 in a promissory note to Juliana Vélez; and the expenses incurred in the settlement of the estate and estimated at $75; and there was allotted to her, among others, the piece of rural property with lime-kiln and stone quarry described in the said docu-

ment. Therefore, said heir and debtor, or her assigns, are firmly bound, if they desired to release the estate or rural property in question from said obligation of payment, TO APPLY to the creditors above mentioned and to pay to them the sums due, as no grounds can be imputed to them justifying the prescription of their claims, especially as regards the creditor who holds the promissory note subscribed by the said heir and debtor without specifying the date of its maturity, unless, the existence or whereabouts of the said creditors being unknown, application was first made to the proper court in the exercise of the rights granted by sections 1130, 1144, 1145, 1146, 1148 and 1192 of the Civil Code. Hence, the request of the petitioner to have the said debts declared as prescribed pursuant to the provisions of Act No. 12 of June 25, 1924, can not be granted, and a cautionary notice is entered instead for a period of one hundred and twenty days. . . . .''

The petitioner having failed to withdraw the above document, the registrar forwarded it, in accordance with the law, to this court, where Pagán Acosta has confined himself to reproducing in his argument the statements set forth in his original petition. The registrar has not filed any brief.

A reading of the registrar's decision convinces us that he has refused the cancellations sought substantially because he thinks that it is necessary to prove payment of those debts before the cancellations can be made. All the sections of the Code cited by him refer to the payment or consignation of debts owing.

That view of the registrar is entirely erroneous, since, apart from the payment, there are certain grounds which justify the cancellation of particular records in the registry. As we stated in *Llinás* v. *Registrar*, 33 P.R.R. 885, the purpose of Act No. 12 of August 29, 1923,—regulating the procedure for the cancellation in the registry of property of liens and mentions of property rights and for the extinction of certain records and notices by lapse of time, subdivision (*a*) of which was amended by Act No. 12 of June 25, 1924,— was to extinguish by operation of law all of the encumbrances specified in the statute in order that by lapse of the

time specified defects existing in titles by reason of such encumbrances may disappear; based undoubtedly on the theory of prescription, the purpose of which is to give stability to titles and prevent and put an end to litigation. The question, therefore, in the present case is not whether the amount of the said debts has been paid or consigned, but whether the petition of the appellant falls within the purview of the said act, section 1 of which, as amended in 1924, reads as follows:

"On written application of a party or of the representative of such party, authenticated before a notary, the Registrars of Property shall proceed to cancel in the respective register:

"(a) Mentions of mortgages or of deferred payments of the price of purchase and sale of real property, whether recorded in the old or new books of the registry where more than twenty years have elapsed since the respective mention was made and when the interested party has not requested the entry of the mentioned right within the term of one year from August 29, 1923, or has not brought suit to claim his right and entered such suit in the registry. Mentions of annuities (*censos*) shall not be cancelled in the old or new books of the registry when the interested party requests a transfer of the entry or mention of the right mentioned to the modern books of the registry within a term of two years counting from the day on which this Act takes effect, or within said term brings suit claiming his right and enters said suit in the registry; *Providing, further,* That on written requests of a party or his representative, authenticated before a notary, said registrars of property shall also cancel in the respective registers such other mentions of rights for the payment of money as do not refer to the deferred payment of the purchase and sale of real property, provided no term is fixed or no indication is made in the title causing the mention that a lien is constituted on said real property, if over five years have elapsed."

According to the proviso of the subdivision above transcribed, registrars must cancel any mention of right for the payment of money where it does not refer to any deferred payment of the purchase price of real property, or no term is specified or no indication is made in the title giving rise to the mention that a lien is constituted on the real property

involved. And since it appears in the case at bar, as shown by the deed, that the mentioned debts do not refer to any deferred payment of the purchase price of real property, or that any lien is created thereby on the immovables acquired by María Josefa Simonetti y del Río by inheritance, and, in addition, more than five years have elapsed since those obligations of payment were mentioned in the registry, such mentions should be canceled.

The decision of the registrar must be reversed and the cancellations sought ordered.